# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAWAUNYA WHITE,** | ) |
| | ) |
|   Plaintiff(s), | ) |
| | ) |
| vs. | )   **CIVIL ACTION NO.:** |
| | ) |
| | ) |
| **FAMILY DOLLAR STORES, INC.,** | ) |
| a foreign corporation, | ) |
| | ) |
|   Defendant(s). | ) |

## NOTICE OF REMOVAL

COMES NOW Defendant, Family Dollar Stores, Inc., (hereinafter "Family Dollar" or "Defendant") and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action filed by Plaintiff Lawaunya White in the Circuit Court of Jefferson County, Bessemer Division, Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. In support of this Notice, Family Dollar shows the following:

### A. PROCEDURAL BACKGROUND

1. This case was commenced by Plaintiff on March 8, 2017, in the Circuit Court of Jefferson County, Bessemer, Division, Alabama, Case No. 68-CV-

2017-900192. The documents attached as Exhibit "A[1]" constitute all of the process and pleadings served and filed in this action to date, pursuant to 28 U.S.C. § 1446(a).

2.	Service of process was issued to Defendant *via* certified mail on April 23, 2017, and Defendant was purportedly served with a copy of the Summons and Complaint on or about April 26, 2017. [See Exhibit "A," and copy of Service of Process Transmittal, attached hereto as Exhibit "A"]

3.	This Notice of Removal is filed in the United States District Court for the Northern District of Alabama, Southern Division, within the district and division embracing the place where the state court case was filed as required by 28 U.S.C. §§ 1332 and 1441(a).

4.	This Notice of Removal is filed within the period of time required by 28 U.S.C. § 1446(b).

5.	Promptly after the filing of this Notice, Defendant is filing a copy with the Clerk of the Circuit Court of Jefferson County, Bessemer Division, Alabama as required by 28 U.S.C. § 1446(d).

## B. DIVERSITY OF THE PARTIES

---

[1] Eighteen Notices of Service Receipts for subpoenas to non-parties were mistakenly filed by the Clerk's office on May 11, 2017 in this proceeding that were supposed to be filed in state court Case No.: 68-CV-**2016**-900192. Those Receipt Notices were subsequently removed by the Clerk's office and are not contained within Exhibit "A."

6.      Plaintiff is a resident of the State of Alabama. [Exhibit "A" - Complaint, ¶ 1] Upon information and belief, Plaintiff is domiciled in the State of Alabama and intends to reside and remain in the State of Alabama. [See, Answer, Thirty-First Defense ¶ 1] Thus, Plaintiff is a citizen of the State of Alabama.

7.      Family Dollar is a foreign corporation formed under the laws of the State of Delaware and has its principal place of business in the State of North Carolina. (Exhibit A – Complaint, ¶ 1; See Answer, Thirty-First Defense, ¶ 2 filed contemporaneously here with)

8.      The parties identified above constitute all of the non-fictitious parties to this action, and there is complete diversity of citizenship between them, thereby satisfying the citizenship requirements of 28 U.S.C. § 1332.

9.      Citizenship of the fictitious defendants should be ignored for the purposes of removal. 28 U.S.C. § 1441(a)

### C.  AMOUNT IN CONTROVERSY

10.     In order to be removable, there must be at least $75,000.00 in controversy, exclusive of interest and costs. 28 U.S.C. § 1332(a).

11.     Plaintiff's Complaint alleges claims of negligence and wantonness against Defendant and demands compensatory and punitive damages. [Exhibit A - Complaint].

12. The Complaint, which seeks compensatory and punitive damages from Defendant, states in part that Plaintiff was caused to suffer damages including, but not limited to, pain and suffering, medical expenses, and physical injury. [Exhibit "A" – Complaint, ¶ 11].

13. Based upon the precedent of *Bush v. Winn Dixie, LLC*, Case 2:15 –cv-0113-WMA, Plaintiff's Complaint setting forth claims of negligence and wantonness and damages referenced above establishes the requisite amount in controversy. [Exhibit "B" – Complaint in *Bush v. Winn Dixie*, LLC CV 2014-900513 August 31, 2015; Order and Memorandum Opinion remanding *Bush v. Winn Dixie, LLC* case]; See also *Smith v. State Farm & Casualty Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Ala. 2012) (holding that "plaintiffs . . . who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will not accept more. Otherwise, a plaintiff will find herself in federal court, which is now saddled by Congress with a new and heavy burden"); *Green v. Wal-Mart Stores East, L.P.*, No. 2:14-cv-1684-WMA, 2014 WL 6792043 (N.D. Ala. Dec. 2, 2014) (holding that "[i]n her complaint, [plaintiff] . . . alleges both that the defendant's negligence caused her to suffer mental anguish and that its wantonness entitled her to punitive damages.

Plaintiff conspicuously makes no formal or express disclaimer to damages in excess of $74,999.00.  Therefore, under up-to-date Eleventh Circuit jurisprudence it is apparent that the amount in controversy in this case exceeds the sum of $75,000").

14. In *Bush*, this Court granted Plaintiff's Motion to Remand, holding that the defendant failed to timely file its Removal Notice within thirty (30) days of receipt of Plaintiff's Summons and Complaint.  [Exhibit "B"].  Despite the fact the *Bush* Complaint contained no *ad damnum* clause and did not specify the alleged body parts that were purportedly injured as a result of the incident, the Court noted that "the Eleventh Circuit…has finally acknowledged the self-evident, namely, that a plaintiff like Bush, who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000." [Exhibit "B", Memorandum Opinion - p. 2 and Exhibit "B" – Plaintiff's Complaint in *Bush v. Winn Dixie, LLC*]. The Court went on to state that "[t]his new opening of the federal courts of Alabama to non-resident defendants has taken away the artificial and unfair obstacle to removal erected by Alabama plaintiffs, namely, the expedient of leaving out an *ad damnum* clause." [Exhibit "B", Memorandum Opinion – p. 3]. *Id*. Citing *Smith v. State Farm Casualty Co.*, the Court stated:

"[t]his court has since 2010 reversed course and held that a plaintiff like Bush who wants to stay in her chosen forum must formally acknowledge a $74,999.99 limitation on any recovery." [Exhibit "B", Memorandum Opinion – p. 3].

15. Plaintiff's Complaint in the case at bar does not expressly disclaim entitlement to more than $74,999.99, nor does Plaintiff's Complaint categorically state that she will not accept more. In short, Plaintiff's Complaint does not formally acknowledge a $74,999.99 limitation on any recovery.

16. Family Dollar Stores of Alabama, LLC denies it is liable to Plaintiff in any amount but does not dispute the amount in controversy exceeds $75,000.00, as evidenced by Plaintiff's Complaint.

17. Based upon the above, the amount in controversy exceeds the jurisdictional requirement and removal is proper under 28 U.S.C. § 1332 and § 1446. See *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

## D. TIMELINESS

18. The removal is filed within thirty (30) days from when Family Dollar was purportedly served with the Summons and Complaint and is therefore timely. 28 U.S.C. § 1446(b).

### E. CONCLUSION

19. Family Dollar satisfied all procedural requirements with respect to timing, diversity of citizenship and amount in controversy and removal is proper. 28 U.S.C. §§ 1332, 1441, and 1446.

WHEREFORE, PREMISES CONSIDERED, Defendant prays the filing of this Notice of Removal, the filing of written notice to Plaintiff, and the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Jefferson County, Bessemer Division, Alabama, shall justify removal of said suit to this Honorable Court.

Respectfully submitted this the 22nd day of May, 2017.

/s/ Glenn E. Ireland
GLENN E. IRELAND (ASB-4158-E51G)
WALKER MOSS (ASB-9873-W62M)
Attorneys for Defendant,
Family Dollar Stores, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
          wmoss@carrallison.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 22nd day of May, 2017, I have served a copy of the above and foregoing on counsel for all parties by:

      \_\_\_\_\_Facsimile transmission;
      \_\_\_\_\_Hand Delivery;
      \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to; and/or
      XX Using the Alafile or CM/ECF system which will send notifications of such to the following:

Doug Roy, Esq.
The Roy Law Firm, LLC
2107 5th Avenue North
Birmingham, AL  35203
doug@dougroylaw.com

                                                /s/ Glenn E. Ireland
                                                OF COUNSEL