UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LAWAUNYA WHITE, } | |
| } | |
| Plaintiff, } | |
| } | |
| v. } | Case No.: 2:17-cv-00835-RDP |
| } | |
| FAMILY DOLLAR STORES INC, } | |
| } | |
| Defendant. } | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion to Remand to State Court. (Doc. # 5). In the Motion, Plaintiff's counsel represented that Plaintiff would forego any jury award over $75,000 should such an award be rendered. (*Id.*). The court conducted a telephone hearing on this matter on May 31, 2017. At that hearing, Defendant represented that it would not oppose Plaintiff's Motion if Plaintiff executed an affidavit stating that she would not accept damages in excess of $75,000 in this case. On June 19, 2017, Plaintiff filed an affidavit with the court declaring that she "will not seek or accept damages in excess of $75,000.00 in this case." (Doc. # 7).

Pursuant to 28 U.S.C. § 1332, the court has subject matter jurisdiction over a case involving state law claims where there is both complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000.00. A removing party bears the burden of establishing subject matter jurisdiction over a case removed to this court. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). When the damages at issue in an action are unspecified, a removing party "bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1208 (11th

Cir. 2007). But, the "court[ ] may use [its] judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010). Further, federal courts strictly construe removal statutes, and "all doubts about jurisdiction should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fidelity Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999)).

This case was removed on the basis of diversity jurisdiction. (Doc. # 1). However, a review of Plaintiff's complaint, as well as her recently filed affidavit, demonstrates that Defendant has not established the jurisdictional amount in this action by a preponderance of evidence. This court may consider Plaintiff's affidavit, to the extent it represents the value of her claims at the time of the removal, in evaluating the amount in controversy. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000); *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808 (11th Cir. 2003). Here, Plaintiff has sworn that she will not accept damages in excess of $75,000 in this case. (Doc. # 7). This damages figure aligns with a fair reading of Plaintiff's complaint, which alleges that Plaintiff slipped and fell on the floor of Defendant's premises.[1] (Doc. # 1-1 at ¶ 5). For these reasons, the court finds Defendant has not established the requisite jurisdictional amount is at issue. By separate order, the court will remand this case to the Circuit Court of Jefferson County, Alabama, Bessemer Division.

---

[1] In her Motion to Remand, Plaintiff represented that her outstanding medical bills total $5,859.23. (Doc. # 5).

**DONE** and **ORDERED** this June 20, 2017.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE